UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABDUL MOHAMMED,<br><br>    Plaintiff,<br><br>    v.<br><br>CARVANA CO., BRIDGECREST ACCEPTANCE CORPORATION, BRIDGECREST CREDIT COMPANY PLLC, BRIDGECREST CREDIT COMPANY LLC, SILVER ROCK INC., and MARY LEIGH PHILLIPS,<br><br>    Defendants. | Case No. 1:23-cv-01581 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, SILVERROCK AUTOMOTIVE, INC. ("SilverRock"), incorrectly named as Silver Rock, Inc., hereby removes *Abdul Mohammed v. Carvana Co. et al.*, Case No. 2023L000018, from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, and as grounds for its removal states as follows:

**I.    THE STATE COURT ACTION**

1. Plaintiff, Abdul Mohammed, ("Plaintiff") commenced his state court action on January 4, 2023 in the Circuit Court of Cook County, Illinois, styled *Abdul Mohammed v. Carvana Co., et al.*, Case No. 2023L000018 (*see* Original Summons and Compl. [Ex. A].)

2. In the Original Complaint, Plaintiff alleges claims under the Illinois Consumer Fraud and Deceptive Business Practices Act against Carvana, LLC, incorrectly named as Carvana, Co. ("Carvana"), Bridgecrest Acceptance Corp., Bridgecrest Credit Company PLLC,[1] Bridgecrest

---

[1] Bridgecrest Credit Company PLLC is incorrectly named and is duplicative of Bridgecrest Credit Company LLC.

Credit Company LLC (together with Bridgecrest Acceptance Corp. and Bridgecrest Credit Company PLLC as the "Bridgecrest Entities"), SilverRock Automotive, Inc., incorrectly named as SilverRock, Inc., and Mary Leigh Phillips, an individual (collectively "Defendants"), alleging that the Defendants engaged in unfair business practices. (Compl. ¶¶ 19-23.)

3. Plaintiff asserts a Breach of Contract claim against Carvana and the Bridgecrest Entities. (Compl. ¶¶ 24-30.)

4. Plaintiff also alleges that Defendants Carvana and the Bridgecrest Entities violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* by failing to follow procedures to assure the maximum possible accuracy of information reported to the consumer reporting agencies. (*See* Compl. ¶¶ 31-38.)

5. Defendant Carvana filed an initial notice of removal on February 13, 2023. *See Mohammed v. Carvana, Co., et al.*, No. 2023-cv-00873, Dkt. No. 1 (N.D. Ill.). Carvana moved to withdraw that notice following confirmation of the date of service of summons and complaint. *Id.* at Dkt. No. 7. Carvana's motion was granted on February 23, 2023, and the case was remanded pursuant to the Northern District of Illinois' Local Rule 81.2, effective March 9, 2023. *Id.* at Dkt. Nos. 8 and 9.

II. **THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

6. Defendants Carvana, the Bridgecrest Entities, and Ms. Phillips were served with summons and complaint on January 11, 2023. (Summonses and Certifications of Service [Group Ex. B].)

7. Defendant SilverRock has not yet been served with the Complaint in Case No. 2023L000018 but is aware of the filing of this case and consents to the jurisdiction of this Court, without waiving service in the state court matter. *See, e.g.*, *In re Mohammed*, No. 20-cv-03479, Dkt. No. 58 (Feb. 14, 2023 N.D. Ill.) ("[A]ll the Defendants except for Silver Rock Inc

(*sic*) were served with Summons and Complaint[.]"); *see also* Pl.'s 2023-03-07 Mot. in *Mohammed v. Carvana, Co. et al.*, No. 2023L000018 (Cir. Ct. Cook Cty.) [Ex. C].

8. Under 28 U.S.C. § 1446(b)(2), "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

9. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. . . . [A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Brothers v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48 (1999).

10. As SilverRock has not yet been served through formal process with summons or complaint, SilverRock's removal of this action is timely in accordance with the requirements of 28 U.S.C. § 1446(b)(2). "A defendant must be served before the removal clock can start running as to that defendant." *Grandinetti v. Uber Techs., Inc.*, 476 F. Supp. 3d 747, 752 (N.D. Ill. 2020) ("If a defendant is not on the clock, then he cannot be late.").

11. The Circuit Court of Cook County, Fourth Municipal District is located within the jurisdiction of the United States Court for the Northern District of Illinois, Eastern Division. This Court is the court embracing the place where the action is pending.

12. The Complaint alleges, in part, claims asserted under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. Plaintiff alleges that he incurred a concrete harm arising out of these violations in the form of being denied credit and being forced to obtain an auto loan at "an exorbitant interest rate." (Compl. ¶ 37.) As such, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

13. Further, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because of diversity of citizenship of the parties and the matter in controversy exceeds the sum or value of $75,000.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because Plaintiff asserts federal claims of which the district courts of the United States have original jurisdiction, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

15. Pursuant to 28 U.S.C. § 1446(a), copies of all summons, process, pleadings, motions and orders that have been filed in the State Court Action are attached as Exhibits hereto.

16. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and co-defendants; further, a copy is being filed with the Circuit Court of Cook County, Illinois.

17. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Defendants Carvana, the Bridgecrest Entities, and Mary Leigh Phillips consent to this notice of removal, attached as **Exhibit D**.

18. If any question arises regarding the propriety of the removal of this action, SilverRock respectfully requests the opportunity to present an oral argument in support of its position for removal.

19. SilverRock has not appeared or otherwise answered Plaintiff's Complaint.

## III.     DIVERSITY JURISDICTION UNDER 28 U.S.C. §1332

20. Jurisdiction exists in a removal action if the case might have originally been brought in federal court. *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

21. This case could have originally been brought in the United States District Court pursuant to 28 U.S.C. § 1332, which states that district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a)(2).

22. An actual case or controversy has arisen between parties in this civil action and, on in formation and belief, the amount in controversy exceeds the sum or value of $75,000 as Plaintiff has requested $50,000 in damages for each of his three claims, totaling $150,000. (*See* Compl. ¶¶ 23, 30, 38.)

23. On information and belief, Plaintiff resides in Illinois and is therefore a citizen of the State of Illinois. (*See* Compl. ¶ 2 [Ex. A].)

24. Defendant SilverRock is incorporated in Arizona, with a principal place of business in Arizona, and is therefore a citizen of the State of Arizona.

25. Defendant Mary Leigh Phillips is an individual who resides in Arizona and is therefore a citizen of the State of Arizona.

26. Defendant Carvana, LLC, incorrectly identified as Carvana, Co., is a domestic limited liability company formed under the laws of the State of Arizona, with its principal place of business in Arizona. Carvana, LLC is a subsidiary of Carvana Operations HC, LLC, which is a subsidiary of Carvana Group, LLC, which is a subsidiary of Carvana Co. Sub LLC, which is a subsidiary of Carvana Co., a publicly-traded corporation incorporated the State of Delaware with its headquarters and principal place of business in the State of Arizona.

27. Defendant Bridgecrest Acceptance Corporation is incorporated in Arizona, with its principal place of business in Arizona, and is therefore a citizen of the State of Arizona.

28. Defendant Bridgecrest Credit Company, LLC is a domestic limited liability company formed under the laws of the State of Arizona. Bridgecrest Credit Company LLC's sole member is SilverRock Group, Inc., incorporated in Arizona with its principal place of business in Arizona. Defendant Bridgecrest Credit Company, LLC is therefore a citizen of the State of Arizona.

29. Bridgecrest Credit Company, PLLC is an assumed name of Defendant Bridgecrest Credit Company, LLC, which is a citizen of the State of Arizona.

30. Defendants Carvana, the Bridgecrest Entities, and Mary Leigh Phillips consent to this notice of removal pursuant to 28 U.S.C. § 1446(b)(2)(A). *See Home Depot U.S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746, (2019). [Ex. D.]

31. This action, based upon diversity of citizenship of Plaintiff from all the parties properly joined and served, and the amounts in controversy having met the threshold, is therefore properly removable pursuant to 28 U.S.C. §§ 1441(a) and (b).

**IV.   THIS COURT HAS FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION**

32. As set forth above, Plaintiff purports to set forth a cause of action for a claimed violation of the Fair Credit Reporting Act ("FRCA"). Therefore, federal question jurisdiction exists over Plaintiff's claim under 28 U.S.C. § 1331, because the resolution of Plaintiff's FCRA claim will require the adjudication of a disputed question of federal law.

33. Plaintiff's FCRA claim arises under the laws of the United States, and thus removal of this cause of action is appropriate under 28 U.S.C. §§ 1441(a)–(c).

34. Additionally, pursuant to 28 U.S.C § 1367 and 28 U.S.C. § 1441(c), this Court has supplemental jurisdiction over Plaintiff's breach and state law claims. *See Groce v. Eli Lilly &*

*Co.*, 193 F.3d 496 (7th Cir. 1999) (finding the district court did not abuse its discretion in deciding to retain jurisdiction over state law claims arising out of a common nucleus of operative fact as the federal claims). The Seventh Circuit has explained that there is "no constitutional bar" under 28 U.S.C. § 1367 to exercising supplemental jurisdiction over state law claims that a district court would not otherwise have subject matter jurisdiction, so long as the state and federal claims "derive from a common nucleus of operative facts" with "a loose factual connection between the claims [being] generally sufficient." *Baer v. First Options*, 72 F.3d 1294, 1299 (7th Cir. 1995) ("If a [state] claim is close enough to the federal (or other) claim that confers federal jurisdiction to be part of the same case, there is no constitutional bar to the assumption of federal jurisdiction over the claim, because Article III confers federal jurisdiction over cases or controversies rather than over claims.").

WHEREFORE, Defendant SilverRock Automotive, Inc. hereby removes the above-captioned action now pending against it in the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois – Eastern Division, and requests that this Honorable Court assume and retain full jurisdiction over this action for all further proceedings.

DATED: March 14, 2023                                       Respectfully submitted,

By:     /s/ *Anthony D. Pesce*

Anthony D. Pesce
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
Phone: (312) 261-6888
apesce@pedersenhoupt.com

*Attorney for Defendant SilverRock Automotive, Inc. (incorrectly named as Silver Rock, Inc.)*

7

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, and sent a copy of the foregoing document via electronic mail and Federal Express, postage prepaid, addressed to:

Abdul Mohammed
258 East Bailey Road, Apartment C
Naperville, Illinois 60565
Phone: (630) 854-5345
aamohammed@hotmail.com

*Plaintiff*

DATED: March 14, 2023                    Respectfully submitted,

By: /s/ *Anthony D. Pesce*

Anthony D. Pesce
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
Phone: (312) 261-6888
apesce@pedersenhoupt.com

*Attorney for Defendant SilverRock Automotive, Inc. (incorrectly named as Silver Rock, Inc.)*